UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BARRY SIMON,

                    Plaintiff,

            -against-

INWOOD ROBIN HOUSE; VICKY
RODRIGUEZ; ROSEMARLY FERRER;
N.Y.C.H.P.D. AKA H.U.D. CONTACT
ADMINISTRATOR,

                  Defendants.

1:23-CV-10672 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Barry Simon, who is appearing *pro se*, filed this action invoking the court's federal question jurisdiction, alleging that his right to due process under the law has been violated. He sues: (1) Inwood Robin House, which he describes as his landlord; (2) Vicky Rodriguez, whom he describes as a "property manager of record"; (3) Rosemarly Ferrer, whom he describes as "property management"; and (4) "N.Y.C.H.P.D. aka H.U.D. Contact Administrator,"[1] which the Court understands to be the New York City Department of Housing Preservation and Development ("HPD"). (ECF 1, at 1, 4, 6.) Plaintiff seeks damages and injunctive relief. The Court construes Plaintiff's complaint as asserting claims of federal constitutional violations under 42 U.S.C. § 1983, as well as claims under state law.

By order dated December 8, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action, but grants Plaintiff 30 days' leave to replead his claims under

---

[1] All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

Section 1983 against the City of New York, and his claims under state law, in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After

separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff seems to allege that he is an apartment tenant of a private landlord (Defendant Inwood Robin House) that receives subsidies from HPD and/or the federal government. Those subsidies, in turn, appear to allow Plaintiff's landlord to charge Plaintiff a reduced share of rent. Plaintiff's claims seem to arise from his landlord's efforts to raise the amount of Plaintiff's share of rent and from the landlord's failure to repair Plaintiff's apartment, especially with regard to heat.

## DISCUSSION

### A.    Claims against Defendants Inwood Robin House, Rodriguez, and Ferrer

As mentioned above, because Plaintiff asserts claims of federal constitutional violations, the Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983. To state such a claim, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). "The traditional definition of acting under color of state law requires that the defendant . . . exercise[] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (internal quotation marks and citation omitted). "Because the United States Constitution regulates only the Government, not private parties, [with respect to a claim brought under Section 1983,] a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and

citation omitted). Private parties generally are not state actors, and therefore are not usually liable under Section 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

Defendants Inwood Robin House, Rodriguez, and Ferrer all appear to be private parties, and Plaintiff alleges no facts showing that any of those defendants functioned as a state actor when they allegedly injured him. The Court therefore dismisses Plaintiff's claims under Section 1983 against those defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Claims against HPD**

Plaintiff brings claims against HPD; as an agency of the City of New York, however, HPD is not a separate entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Chelsea Hotel Owner LLC v. City of New York*, No. 21-CV-3982 (ALC) (RWL), 2022 WL 4625446, at *5 (S.D.N.Y. Sept. 30, 2022); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against HPD for failure to state a claim on which relief may be granted, *see* § 1915(e)(2)(B)(ii), but, as explained in the next paragraph, will construe them as claims against the City of New York.

The Court construes Plaintiff's claims under Section 1983 against HPD as brought against the City of New York. When a plaintiff sues a municipality, such as the City of New York, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that

the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim under Section 1983 against a municipality, the plaintiff must allege facts showing: (1) the existence of a municipal policy, custom, or practice; and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff does not allege any facts showing that a policy, custom, or practice of the City of New York caused a violation of his federal constitutional rights. The Court therefore dismisses Plaintiff's claims under Section 1983 against the City of New York for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii). In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to replead those claims in an amended complaint in which he alleges facts sufficient to state such a claim.

## C.    Supplemental jurisdiction

A federal district court may decline to exercise supplemental jurisdiction of claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed those of Plaintiff's claims of which the Court has original subject matter jurisdiction (Plaintiff's claims under Section 1983), the Court declines to exercise its

supplemental jurisdiction of any of his claims under state law. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## CONCLUSION

The Court dismisses this action for the reasons set forth above. The Court dismisses Plaintiff's claims under 42 U.S.C. § 1983 against Defendants Inwood Robin House, Rodriguez, Ferrer, and HPD, as well as his claims under Section 1983 against the City of New York, for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court, however, grants Plaintiff 30 days' leave to replead his claims under Section 1983 against the City of New York, as specified above, as well as his claims under state law, in an amended complaint. If Plaintiff fails to file an amended complaint within the time allowed, and he cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court not to enter a judgment dismissing this action, at this time, as the Court has granted Plaintiff leave to replead claims in an amended complaint.

SO ORDERED.

Dated:    January 31, 2024
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge